Michael W. Flanigan AK Bar No. 7710114
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, AK 99501
Telephone: 907-279-9999
Facsimile: 907-258-3804
E-mail: mflanigan@farnorthlaw.com

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| SHARALYN WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM GROUP (a Delaware Corporation),<br><br>    Defendant. | Case No. 3:16-cv-_____<br><br>COMPLAINT |

COMES NOW Plaintiff, Sharalyn Wright, by and through her attorney, and for her complaint against the Defendant states and alleges as follows:

1. At all times relevant hereto Plaintiff Sharalyn Wright was a resident of the State of Alaska and was an employee of the State of Alaska. As an employee of the State of Alaska Ms. Wright elected to have coverage under the State's supplemental benefits system and elected to purchase short term disability insurance and long term disability insurance through that system.

2. Defendant Unum Group is a general business corporation organized under the laws of Delaware. Its headquarters, main administrative office and home office, principal place of business, and the primary location for its corporate books and records, are all at 1 Fountain Square, Chattanooga, Tennessee. Unum Group

also has corporate offices at 2211 Congress Street, Portland, Maine, 1 Mercantile Street, Worcester, Massachusetts, and 1200 Colonial Life Blvd., Columbia, South Carolina. Unum Group is licensed to do business in Alaska and is doing business within the District of Alaska. Unum Group acts as an insurance holding company under the insurance holding company acts of the various states, including Alaska, and under the holding company statutes is the ultimate controlling person of Unum Life Insurance Company of America. Prior to changing its name to Unum Group in 2007, Unum Group was known as UnumProvident Corporation. Before June 30, 1999 and its merger with Unum Life Insurance Company, the entity that is now known as Unum Group, and which became UnumProvident Corporation, was known as Provident Companies, Inc.

3. Unum Group's insurance company subsidiaries sell a variety of insurance products, such as disability insurance, long-term care insurance, life insurance, employer and employee paid group benefits and related services. Although insurance policies are issued by Unum Group's insurance company subsidiaries, these subsidiaries have no employees. Employees of Unum Group provide services to Unum Group's subsidiaries, including Unum Life Insurance Company of America, pursuant to a General Services Agreements. In that regard, Unum Group's production activities consist of services provided by its employees to its insuring subsidiaries relating to facilities management, provision of legal services, internal audit, cash management, financial management, actuarial services, product pricing, corporate relations, marketing and product support, sales management, product design, underwriting, systems management and claims management. The majority of Unum Group's production activities occur in Tennessee, Massachusetts, Maine and South Carolina.

4. Pursuant to its agreement(s) with Unum Life Insurance Company of American and its other insuring subsidiaries, Unum Group is engaged in the business of insurance, performing such activities as the design, marketing, sale, underwriting, daily policy administration, and administration of claims arising under policies issued by Unum Life Insurance Company of America. Defendant Unum Group has represented to third parties that it is the administrator for claims arising under policies issued by Unum Life Insurance Company of America and other insurers, some of which are, like Unum Life Insurance Company of America, subsidiary entities and some of which are outside of its holding company structure. Regarding claims it administers for either its subsidiary insurers or non-subsidiary insurers, defendant Unum Group uses the same claim handling practices and manages claims on an enterprise level.

5. As an entity in fact engaged in the business of insurance and licensed to do business within Alaska, Unum Group, and its officers, directors, employees and agents are charged with knowledge of the laws of Alaska, more particularly those laws pertaining to the business of insurance including statutory, regulatory and common law obligations.

6. There is complete diversity between the parties, and as alleged below, the amount in controversy exceeds $75,000.00. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(1).

7. Wright is a 60 year old former legislative aide who had purchased Short Term Disability and Long Term Disability Insurance Coverage under a policy of insurance issued to the State of Alaska by Unum Life Insurance Company of America a subsidiary of Unum Group.

8. Under the Short Term Disability provision of the policy she was entitled to benefits if she met the definition of disability under the policy. The policy defined disability as being "unable to perform the **material and substantial**

duties of your **regular occupation**" and "not working in any other occupation." (emphasis in original).

9. Under the Long Term Disability provisions of the policy, Ms. Wright was entitled to benefits if after 180 days and due to the same sickness or injury she was "unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."
10. At the time she became disabled, Ms. Wright's occupation was that of the chief-of-staff of Alaska House of Representative Speaker Mike Chenault.
11. Wright left work in her occupation as chief-of-staff to Mike Chenault on April 13, 2013 due to a progressively worsening back condition.
12. Wright applied for disability benefits on December 19, 2013, when it became obvious that she would not be able to return to work due to her disability. Wrights application for disability benefits was supported by her medical records and physician's opinions that she had a disabling back condition that had significantly worsened over the years.
13. In a February 17, 2014 letter, Unum Group denied short term disability benefits to Wright, claiming that she did not meet the definition of disability under the policy. The letter provided that Wright could appeal that decision if she disagreed by filing an appeal within 180 days of the denial.
14. Wright requested and was granted an additional 45 days to submit her appeal by Unum Group.
15. On September 19, 2014, Wright provided additional evidence to support her disability claim including: a vocational rehabilitation report finding her to be disabled and additional medical records.
16. On September 29, 2014, Wright provided additional evidence to support her disability claim including: a letter from House Speaker Chenault describing how her disability prevented her from performing her occupational duties; a letter from her doctor confirming objective evidence of chronic back problems and

advising that an additional back surgery had recently occurred, and other supportive medical records which documented a long history of back problems and extensive treatment and interventions including physical therapy, medication, injections, nerve stimulation devices and surgeries.

17. Wright has remained disabled under the terms of the policy from the time she ceased working for House Speaker Chenault in April 2013 through the present.

18. On December 18, 2014, despite abundant evidence supporting Wright's claim of disability having been provided, Unum Group denied her appeal of her denial of Short Term Disability benefits. Unum Group claimed, without investigation and contrary to the evidence before it, that Wright had left employment not because of disability. On this basis, Unum Group determined that any coverage under the long term disability provisions of the policy was unavailable. Accordingly, on December 18, 2014, Unum Group denied Wright's claim for both short term disability and long term disability benefits.

19. By denying coverage for Short Term Disability and by ruling that her employment ended for reasons other than disability and therefore that she did not qualify for Long Term Disability coverage, Unum Group was able to deny coverage and release or avoid posting reserves for Wright's long term disability.

20. Under the terms of the policy, had Wright qualified for Long Term Disability Benefits her coverage would have continued until she reached age 65.

21. Unum Group's denial of benefits for Short Term Disability and Long Term Disability was contrary to the terms of the insurance coverage and not supported by evidence in the claim file.

22. The denial of Wright's benefits under the short term disability and long term disability provisions of the policy was the result of Unum Group's failure to properly investigate and evaluate her claim.

23. The conduct of Unum Group in its handling of Wright's claim intentionally, recklessly, and/or negligently breached the duty of reasonable care individuals

and entities involved in the handling of insurance claim owe to claim making policyholders under Alaska law.

24. As a direct and proximate result of Unum Group's breach of the duty of reasonable care in claims handling, Wright suffered harm including the loss of benefits and emotional distress resulting from the improper denial of benefits due her under the policy.

Wherefore, Wright seeks the following relief:

1. An award of past due benefits for short term disability and long term disability in an amount to be determined at trial;
2. An award of future long term disability benefits according to proof between trial and age 65 as a result of Unum Group's tortious conduct breach of the duty of reasonable care it owed Wright as it investigated and evaluated her claim;
3. An award of punitive damages to the extent permitted under the facts and law applicable to this matter; and.
4. Costs, interest and attorney fees as provided by law.

DATED this 16th day of February, 2016.

    FLANIGAN & BATAILLE
    ATTORNEYS FOR SHARALYN WRIGHT

    /s/Michael W. Flanigan
    AK Bar No. 7710114
    FLANIGAN & BATAILLE
    1007 W. 3rd Ave., Ste. 206
    Anchorage, AK 99501
    Telephone: 907-279-9999
    Facsimile: 907-258-3804
    E-mail: mflanigan@farnorthlaw.com